IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JHOVANY ARIAS-HERRERA | CRIMINAL ACTION NO.<br>1:19-CR-00463-TWT-RGV-1 |

**Defendant's Motion to Waive Presence at Trial**

COMES NOW, the Defendant, JHOVANY ARIAS-HERRERA, by and through undersigned counsel, and hereby requests that the Court allow him to waive his presence after the trial beings, pursuant to Rule 43(c)(1)(A) of the Federal Rules of Criminal Procedure.

**Facts**

On November 19, 2019, the grand jury returned a one-count indictment charging Mr. Arias-Herrera with knowingly assaulting, resisting, opposing, impeding, intimidating, and interfering with at least one officer with the Homeland Security Investigation, Enforcement and Removal Operations, and in doing so, inflicting bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b). (Doc. 7). The indictment was later superseded to correct an error in one of the officer's initials. (Doc. 34). Mr. Arias-Herrera's first trial, which occurred on May 11-14, 2021 ended in a mistrial. (Doc. 77). The retrial is scheduled to begin on

September 20, 2021.  (Doc. 100).  With the exception of any testimony he may give, Mr. Arias-Herrera seeks to waive his presence once the trial begins.

## Legal Authority and Argument

Rule 43 of the Federal Rules of Criminal Procedure allows a defendant to waive his presence after the trial begins.  Fed. R. Crim. Pro. 43(c)(1)(A).  In relevant part, the Rule states that "[a] defendant who was initially present at trial. . . waives the right to be present . . . when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial."  *Id*.  The Eleventh Circuit addressed when a trial begins and what is needed for an effective waiver in *United States v. Sterling*, 738 F.3d 228 (11th Cir. 2013).  In *Sterling*, the court called the case and addressed preliminary matters before learning from Sterling's counsel and the U.S. marshal that Sterling did not want to attend trial.  Sterling agreed to speak with the court in an interview room and the judge, court reporter, government counsel, and Sterling's attorney moved to that interview room.  *Id*. at 233.  The judge explained that Sterling had a right to be present at trial and warned him that disruptions would lead to him being removed from the courtroom.  *Id*.  Even though Sterling responded that he did not understand what was going on, the judge found that he fully understood based on Sterling's participation in a pretrial hearing and the

representations of his counsel. *Id*. The trial continued without his presence but Sterling "was provided a live video feed of the proceedings, and his counsel was permitted to meet with him during breaks in the trial." *Id*.

On appeal, Sterling argued that the trial court was required to forcibly bring him into the courtroom, with prospective jurors present, and inform him the trial was beginning. *Id*. at 235. The Eleventh Circuit disagreed stating "we conclude that trial commences no later than on the day of jury selection, without respect to whether the defendant is present at the time prospective jurors enter the courtroom." *Id*. at 236. Therefore, "trial had commenced on the day of jury selection when court was held in the interview room, Sterling was informed of his rights, and the trial proceedings were explained." *Id*. The *Sterling* court also found that the defendant had constructively waived his right to be present at trial by actively participating in a pretrial conference, agreeing to speak to the court in the interview room, but then refusing to respond affirmatively about waiting his presence. *Id*. at 237.

Based on *Sterling*, Mr. Arias-Herrera requests that the Court conduct an inquiry as to whether he wants to waive his presence before jury selection begins on September 20, 2021. *See also United States v. Perkins*, 2018 WL 3820716 (N.D. Ga. July 23, 2013), at *14-15, 21 (finding the trial began when the court was called to

3

order for the trial, the parties were present, the court made sure the parties were ready to proceed, and the court began to explained voir dire). Mr. Arias-Herrera would prefer that the Court conduct this inquiry in the U.S. Marshals Service's holding area rather than in the courtroom. *Sterling*, 738 F.3d at 236 ("It seems absurd to require the court to bring a combative defendant into the presence of prospective jurors, only to taint the pool with his own disruptive behavior."). In *Perkins*, the district court found that an inquiry in the holding area was the best way to proceed:

> For sure, a court could require the marshals to use whatever force is necessary to physically compel these resisting defendants into submission, and into the courtroom. But where there is an alternative, this does not seem like a very good practice either for the defendants who could be injured, or for the marshals, who could also get hurt and who could well become defendants in a § 1983 suit. Nor is it a good idea for the court system. Trial should not become the judiciary's version of the Jerry Springer sow. Besides, requiring that a manacled, shouting defendant make a one-minute cameo appearance before aghast jurors, wo probably had anticipated a speck more dignity in their federal jury service, seems to be a high price to pay to satisfy one rather indefinite phrase in Rule 43: "initially present."

*Perkins*, 2018 WL 3820716, at *21.

If the Court determines that Mr. Arias-Herrera has waived his presence at trial, he would ask that the Court provide a video feed with Spanish interpretation

4

so that he can view and listen to the trial. He also requests that the Court allow his attorneys breaks to consult with him, particularly as it relates to jury selection and to him testifying. Finally, if Mr. Arias-Herrera decides to testify, he asks that he be allowed to come to the courtroom to do so.

## Conclusion

For the foregoing reasons, Mr. Arias-Herrera respectfully requests that the Court allow him to waive his presence after the trial begins.

Dated:   This 13th day of September, 2021.

> Respectfully Submitted,
>
> */s/ Victoria M. Calvert*
> VICTORIA M. CALVERT
> GEORGIA BAR NO. 636029
>
> */s/ Melissa McGrane*
> MELISSA MCGRANE
> GEORGIA BAR NO. 878384
>
> ATTORNEYS FOR MR. ARIAS-HERRERA