# Memorandum

*United States Attorney*
*Northern District of Georgia*



| Subject | Date |
|---|---|
| United States v. Jhovany Arias-Herrera, 1:19-CR-463-TWT-RGV | September 14, 2021 |
| To | From |
| The Honorable Thomas W. Thrash United States District Judge | Radka T. Nations Assistant United States Attorney |

### Waiver of Defendant's Right to Be Present During Trial and Proceeding with Trial in Defendant's Absence

Federal Rule of Criminal Procedure 43 specifies when the presence of a defendant is required for trial and related proceedings and when the right to be present may be waived. Rule 43(a) requires the defendant be present at:

(1) the initial appearance, the initial arraignment, and the plea;

(2) every trial stage, including jury impanelment and the return of the verdict; and

(3) sentencing.

Rule 43(c)(1) allows a "defendant who was initially present at trial" to waive the right to be present:

(A) when the defendant is voluntarily absent *after the trial has begun*, regardless of whether the court informed the defendant of an obligation to remain during trial;

(B)  in a noncapital case, when the defendant is voluntarily absent during sentencing; or

(C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

Fed.R.Crim.P. 43(c) (emphasis added).

Rule 43 prohibits "the trial *in abstensia* of a defendant who is not present at the beginning of trial," but allows for a trial to proceed where a defendant was initially present at trial, constructively waived his right to be present by voluntary absence, and there was a controlling public interest to proceed in defendant's absence. *See Crosby v. United States*, 506 U.S. 225, 262 (1993).

### 1. A Defendant Must be Initially Present at Trial

The Eleventh Circuit's controlling opinion is *United States v. Sterling*, 738 F.3d 228 (11th Cir.2013). Sterling, a sovereign-citizen defendant, participated in pre-trial proceedings but on the morning of trial refused to leave U.S. Marshal's lockup. 738 F.3d at 233&n.1. He consented to a visit by the judge, but once the court was present Sterling refused to answer the court's questions, and repeated, "I do not understand what's going on. I do not accept no offers of the court." Id. at 233. The trial judge tried to advise him of his rights and told him that his absence would be deemed a waiver of his right to be present at trial. Id. Back at

court, the trial judge found that Sterling waived his presence, which his attorney conceded. Id. The judge ensured Sterling could view the proceedings through a live video feed and permitted his counsel to meet with him during breaks. Id.

On appeal, Sterling argued that the trial court violated Rule 43. Id. at 232. Specifically, he argued that trial began at jury selection, and so he was not present for its beginning, in violation of the rule. Id. at 236. The Eleventh Circuit held that "trial commences no later than on the day of jury selection, without respect to whether the defendant is present at the time prospective jurors enter the courtroom." Id. at 236. The Court also rejected Sterling's argument that "the district court was required to use a talismanic phrase that the trial was beginning." Id. Instead, "trial had commenced on the day of jury selection when court was held in the interview room, Sterling was informed of his rights, and the trial proceedings were explained." Id. "At that time, Sterling was permitted under Rule 43 to waive his right to be present." Id.

Similarly, sister courts have interpreted "initially present at trial" to mean the day jury selection begins, but not the "precise moment" jury venire enters the courtroom. *United States v. Benabe*, 654 F.3d 753, 771-72 (7th Cir. 2011).

3

### 2. Defendant's Waiver Under Rule 43(c) Must be Voluntary

To be effective, a defendant's waiver under Rule 43(c) must be voluntary. *See United States v. Bradford*, 237 F. 3d 1306, 1311 (11th Cir. 2001). In *Bradford*, the court found that the defendant's waiver was voluntary where he understood that possible consequences of failing to appear and still elected not to appear. *Bradford*, 237 F. 3d at 1311-12. Effective waiver is present when the defendant knew or had been expressly warned by the trial court at to defendant's right to be present and trial court continued in defendant's absence. *See Taylor v. United States*, 414 U.S. 17, 20 (1973).

The Eleventh Circuit in *Sterling* held that the defendant's non-responsiveness acted as an effective waiver: "Sterling refused to respond to the court, and therefore the district court properly found that Sterling constructively waived his right to be present at trial." *Sterling*, 738 F.3d 228, 236–37.

In *United States v. Perkins*, 787 F.3d 1329 (2015), the defendant, in a pre-meditated plan, refused to leave U.S. Marshal's lockup the morning of trial. When the court visited him there and advised him of his right to be present in the courtroom, Perkins became disruptive and refused to respond to the court or leave lockup. Trial proceeded, with Perkins watching a live audio-video feed. The court provided Perkins with a pen and paper, encouraged defense counsel to

4

visit Perkins during breaks, and told Perkins that he could appear in court whenever he wished. After the jury convicted, Perkins moved for a new trial, arguing that his absence violated Rule 43. The district court denied the motion, reasoning that trial began during the hearing in lockup, that Perkins constructively waived his right to be present, and that he invited any error. The Eleventh Circuit affirmed.

3. **There Must Be a Controlling Public Interest to Continue the Trial in Defendant's Absence**

The court in *Bradford* looked to defendant's disruptive behavior and balanced it against any inconvenience to the jury and witnesses that would result in a delay. *Bradford,* 237 F.3d at 1313. "Given that [defendant's] absence was a result of [defendant's] own decision not to attend rather than the result of external circumstances ... there was no reason to believe that the trial could have soon taken place with [the defendant] present.... Under Rule 43(b)(1), if [a defendant] voluntarily elected not to come once trial commenced, the court was under no obligation to force [the defendant]." *Bradford,* 237 F.3d at 1314.

Similarly, the court in *Sterling* balanced the public's interest with Sterling's right to be present, considering Sterling's disruptive behavior and the inconvenience to the jury and witnesses that would result from delay. Sterling continually interrupted the court during pretrial proceedings and stated, "I have

5

no desire to participate in these proceedings." When court convened in the interview room, Sterling repeatedly interrupted the judge and provided nonresponsive answers to the court's questions. The Eleventh Circuit found that "the public interest in proceeding with trial outweighed any interest in delay," and the district court permissibly chose to continue trial without Sterling. Id. at 237.

In summary, for Rule 43(C) waiver to be valid, a defendant has to be initially present at trial, the defendant must waive his/her right to be present by voluntary absence, and there must be a controlling public interest to proceed in defendant's absence.

Respectfully submitted,

KURT R. ERSKINE
   *Acting United States Attorney*

/S/ RADKA T. NATIONS
   *Assistant United States Attorney*
Georgia Bar No. 618248
Radka.Nations2@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA  30303
Telephone: (404) 581-6000